UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:19-CR-210-TAV-HBG |
| ROBERT TIMILL HALL, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's pro se motion for immediate release [Doc. 33]. In his motion, defendant requests that the Court release him from custody. Defendant reasons that his federal sentence was to run concurrently with his state sentence, and therefore, defendant argues the Court must release him because he has been granted parole as to his state sentence.[1]

The Court first notes defendant does not cite and the Court is not aware of any authority to grant the requested relief.[2] Regardless, defendant's request must be denied because "[t]his Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)." *United States v. Williams*, No. 05-20377-JDB, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008). While the Court may make certain recommendations to the Bureau of Prisons, "the power to grant credit for time served lies solely with the Attorney General and the

---

[1] Accordingly, the Court treats defendant's motion as a motion to recalculate the credit he should receive for his time in detention.

[2] The Court highlights that the fact that a federal sentence runs concurrently with a state sentence does not mean that the federal sentence ends as soon as the state sentence concludes.

Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (first citing 18 U.S.C. § 3585(b); and then citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons.").

If the Bureau of Prisons declines to credit defendant's time served, defendant may then raise his claims through the Bureau's Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq.*). After exhausting administrative remedies, defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement. *Id.*

Accordingly, defendant's motion to recalculate his sentence [Doc. 33] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE